**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 14-20884-CR-WILLIAMS**

**UNITED STATES OF AMERICA**

**v.**

**LESLIE ROBERTS,**

**Defendant.**
**_________________________________________/**

**UNITED STATES' RESPONSE**
**TO DEFENDANT'S CORRECTED MOTION FOR DISBURSEMENT OF BOND**

The United States of America respectfully files this response to Defendant Leslie Roberts' ("Defendant['s]") Corrected Motion for Disbursement of Bond (Depositor's Name) ([ECF No. 110]).

**BACKGROUND**

On July 10, 2018, Defendant made his initial appearance before Magistrate Judge Jonathan Goodman on a petition for revocation of supervised release (see [ECF No. 69]). Defendant posted a $50,000, 10% personal surety bond, which was co-signed by his spouse, "Silvia Roberts" ([ECF No. 70] at 4, 5). One of the conditions of the bond required Defendant to comply with the conditions of supervised release, which included a related-concern restriction prohibiting Defendant from "own[ing], operat[ing], act[ing] as a consultant, be[ing] employed in, or participat[ing] in any manner, in any art or painting sales or related concerns during the period of supervision." (See id. at 2; [ECF No. 59] at 4). Despite this prohibition, and despite the fact that the petition for revocation specifically referenced Defendant's repeated violations of the related-concern restriction, Defendant continued to engage in sales of fine art in the days

following his release on bond. Accordingly, Judge Goodman revoked Defendant's bond after a contested hearing ([ECF No. 77]).

At Defendant's final hearing on the violations of supervised release, Defendant admitted that he continued to work in the art business, despite the related-concern restriction and the conditions of his bond. (See [ECF No. 93] ("Defendant admits violations 14 thru 21 of the Superseding Petition").

On September 21, 2018, Defendant filed a motion seeking the return of the premium on the bond that was revoked in this case. ([ECF No. 96]). That motion sought the return of the bail money to "Sylvia Roberts." (Id.) The government opposed the motion. ([ECF No. 98]), and the Court referred the Motion to Magistrate Judge Torres ([ECF No. 99]).

Despite the bond violations, on January 15, 2019, Judge Torres entered an order granting the disbursement of the bond premium ([ECF Nos. 104, 105]). In a follow-up order, Judge Torres ordered "Bail Refunded to Sylvia Roberts in the amount of $ 5,000.00 plus any accrued interest." ([ECF No. 105]). Based on this adverse ruling, the government never filed a motion for estreature of the bond premium or for a final judgment of forfeiture. See Fed. R. Crim. P. 46(f)(3).

For reasons that are neither clear nor explained, the Defendant has now filed a "corrected motion" for disbursement of bond to "Silvia (sic) Roberts" (instead of Sylvia Castro or Sylvia Roberts). Compare ([ECF No. 70]), ([ECF No. 96]), and ([ECF No. 110]). In the "corrected motion," the Defendant states: "Undersigned Counsel contacted Assistant United States Attorney, Christopher Browne who indicated that he objects to this motion." ([ECF No. 110]). No such conferral took place.

In any event, the government does not object to the relief sought—the change of the depositor's name from Sylvia Castro to Silvia Roberts, assuming these are the same people. However, it appears that Judge Torres has already granted the relief the Defendant is seeking. ([ECF Nos. 104, 105]).

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: /s/ Christopher B. Browne
Assistant United States Attorney
Southern District of Florida
Florida Bar No. 91337
99 Northeast 4th Street
Miami, Florida 33132-2111
Telephone: (305) 961-9419
Facsimile: (305) 536-4699
E-mail: christopher.browne@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on February 20, 2019.

/s/ Christopher B. Browne
Assistant United States Attorney